United States District Court
for the
Southern District of Florida

| Yamil Moises Vega, Petitioner, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 16-22119-Civ-Scola |
| | ) | |
| United States of America, Respondent. | ) | |

**<u>Order Adopting Magistrate Judge's Report And Recommendation</u>**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On June 16, 2017, Judge White issued a report, recommending that the Court deny Vega's motion to correct, set aside, or vacate his sentence pursuant to 28 U.S.C. § 2255 and dismiss the case. (Report of Magistrate, ECF No. 12.) On June 26, 2017, the Petitioner filed objections to the report (ECF No. 13).

The basis for Vega's motion to vacate his sentence is that, following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction for brandishing a firearm in furtherance of a crime of violence should be vacated because his predicate Hobbs Act robbery conviction does not qualify as a "crime of violence" as defined by 18 U.S.C. § 924(c)(3). Judge White found that Vega's conviction for Hobbs Act robbery still qualifies as a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3). (Report at 12.) Judge White primarily relied on *In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016), in which the Eleventh Circuit held that a conviction for Hobbs Act robbery "clearly qualifies as a 'crime of violence' under . . . § 924(c)(3)(A)."

In relevant part, Vega argues that *Saint Fleur* is not controlling or persuasive for several reasons. (Obj.'s at 14-20.) First, Vega argues that *Saint Fleur* was a ruling on a pro se applicant's application to file a second or successive § 2255 motion, and thus the Eleventh Circuit did not have the benefit of "counseled briefing or the adversarial process." (*Id.* at 14.) Vega also argues that the decision-making process on applications to file second or successive § 2255 motions "is simply not conducive to conclusive or precedential decisions" and that such rulings "have never had binding effect." (*Id.* at 15-16.) However, the Eleventh Circuit has held that published panel decisions on applications to file second or successive petitions "are binding precedent in our circuit." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015).

Moreover, the Eleventh Circuit has cited to *Saint Fleur* as controlling in subsequent cases and has repeatedly confirmed, albeit in the context of applications to file second or successive petitions, that Hobbs Act robbery is a crime of violence. *See, e.g., In re Gordon*, 827 F.3d 1289 (11th Cir. 2016) ("*Saint Fleur* controls . . . This Court has held that a companion Hobbs Act robbery conviction . . . qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A) . . . ."); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (citing to *Saint Fleur* in support of the statement that "[t]his Court has held that a companion substantive Hobbs Act robbery conviction qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); *In re James*, No. 16-13772, 2016 WL 4608125, at *2 (citing to *Saint Fleur* in support of the statement that "[i]n some cases, it has been clear that the § 924(c) companion conviction qualifies as a crime of violence under § 924(c)."). Thus, this Court is bound by *Saint Fleur*.

Vega next argues that *Saint Fleur* did not apply the categorical approach required by Eleventh Circuit precedent in determining whether Hobbs Act robbery is a crime of violence and that *Saint Fleur* was somehow incorrectly decided because it was issued before the Supreme Court's decision in *Mathis v. U.S.*, 136 S.Ct. 2243 (2016). (*Id.* at 17-18.) However, as stated above, whether *Saint Fleur* was decided incorrectly or not, it, as well as the subsequent Eleventh Circuit decisions confirming that Hobbs Act robbery is a crime of violence, are binding on this Court.

Finally, Vega argues that in *Davenport v. United States of America*, No. 16-15939-G (Mar. 28, 2017), the Eleventh Circuit issued a certificate of appealability on the issue of whether the district court erred in concluding that Hobbs Act robbery was a crime of violence within the meaning of § 924(c). (Obj.'s at 19.) This ruling does not disturb the Court's finding that Eleventh Circuit precedent establishes that Hobbs Act robbery is a crime of violence. However, in keeping with *Davenport*, the Court will issue a certificate of appealability.

The Court has considered Judge White's report, the Petitioner's objections, the record, and the relevant legal authorities. The Court finds Judge White's report and recommendation cogent and compelling. The Court **affirms and adopts** Judge White's report and recommendation, with the exception of his recommendation not to issue a certificate of appealability (ECF No. 12). The Court **denies** the petition for writ of habeas corpus (ECF No. 1). The Court issues a certificate of appealability. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered**, at Miami, Florida, on June 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge